## WRIGHT, WILLIAMS & Co. *v.* McFALL et al.

Where the first and second of a bill of exchange were both accepted, with the knowledge and consent of the drawers, and without fraud or collusion between the holders and acceptors, the drawers will be bound on both.

APPEAL from the District Court, Tenth District, *Perkins, jr. J. Dubose*, for plaintiffs. *Clark* and *Short & Parham*, for defendants and appellants.

DUNBAR, J. The defendants being sued on their accepted bill of exchange, duly protested for non-payment, resist its recovery on the ground that they had paid the second bill of the same set to another party after it had been also protested.

There was judgment in the Court below in favor of the plaintiffs, and the defendants have appealed.

It appears that the defendants drew two bills of exchange, being a first and second, payable eight months thereafter, to the order of one of the defendants, who was a member of their commercial house; that the latter endorsed them, and that they were both accepted by *G. Burke & Co.*, the drawers, that they were left with them and were both subsequently negotiated and fell into the hands of third persons, *bona fide* holders. The defendants, in their account with the acceptors, received credit for the proceeds of the two acceptances before their maturity. Both acceptances were protested at maturity, but the second bill was paid by the acceptors after their failure, and the first bill forms the subject of the present suit.

We do not understand that it is usual to accept more than one of the same set of exchange; but if such a course be pursued, as was done in the present case, with the knowledge and consent of the defendants, without any fraud or collusion shown between the holders and acceptors, the drawers who have received the proceeds or who have otherwise authorized the negotiation of the bills must be held bound on both of them. However unusual or irregular the transaction, they cannot visit with loss this irregularity upon third persons acting in good faith.

The judgment of the District Court is, therefore, affirmed, with costs.